Filed in Open Court
10/21/2025
Skyler B. O'Hara
By M. Dean
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>BOBBY BATES SR.,<br><br>   Defendant. | Case No. 25-20020-01-HLT/TJJ |

**PLEA AGREEMENT**

The United States of America, by and through Assistant United States Attorney Scott C. Rask, and Bobby Bates Sr., the defendant, personally and by and through his counsel, Tim Burdick, enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 1343, that is, wire fraud. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant agrees to plead guilty by October 14, 2025. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which he has agreed to plead guilty is not more than twenty years of imprisonment; a $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss; three years of supervised release; and a $100 mandatory special assessment. The defendant further agrees to forfeit property or money to the United States, as agreed. The defendant also understands that restitution will be adjudged.

Ver. 03-01-24

2.      **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows.

Beginning in February 2023, and continuing into October 2023, Bobby Bates Sr. devised a scheme to defraud the customers of his business Built Rite Construction established in Nebraska. Mr. Bates used a Facebook group "Building Barndominiums" to promote his business scheme, to identify customers, and to solicit construction work. Mr. Bates communicated with the victims via an email account, Facebook Messenger, text messages, and/or telephone calls. Mr. Bates required customers to provide an initial deposit of up to 50% of the estimated cost of the overall construction project and instructed them to make these payments via wire or checks into his bank accounts located in Nebraska or Missouri.

After collecting funds from customers, Mr. Bates failed to complete or even begin the construction projects. As customers/victims contacted Mr. Bates for the failure to complete or begin the agreed upon construction, he gave false excuses or gave more false promises for when the construction would begin. He also failed to respond to communications of messages from customers regarding the uncompleted projects. The records for Mr. Bates's bank accounts showed he used the payments from customers for personal expenditures instead of expenses for the respective construction projects.

The various electronic communications between Mr. Bates and the victims, as well as the wire transfers to Mr. Bates's bank account were wire communications in interstate commerce.

In October 2023, detectives from Pike County, Missouri, and Audrain County, Missouri, interviewed Mr. Bates following his arrest for some of this fraud scheme. The detectives informed Mr. Bates of his rights under *Miranda*, which he waived and agreed to talk with the detectives. During that interview, Mr. Bates admitted to executing the fraud scheme in Bowling Green, Missouri; Vandalia, Missouri; in Alabama; in Tonganoxie, Kansas; in Garden City, Kansas; and in South Dakota.

The following are instances of the scheme to defraud executed by Mr. Bates.

- In February 2023, Mr. Bates agreed to construct a building for victims in Bowling Green, Missouri, by May 2023. The victims paid Mr. Bates almost $48,000 via wire transfer to his account at First Interstate Bank in Nebraska. Mr. Bates only poured a concrete pad for the building with no further construction of the promised building. The work completed by Mr. Bates was not close to the $48,000 paid to him by the victims.

- In March 2023, Mr. Bates agreed to construct a home for victims in Bowling Green, Missouri. The victims paid Mr. Bates almost $63,000 via check. Mr. Bates constructed no portion of the promised home.

2

- In March 2023, Mr. Bates agreed to construct a steel building for victims in Unionville, Iowa. The victims paid Mr. Bates $40,000 via cashier's check. Mr. Bates constructed no portion of the promised steel building.

- In April 2023, Mr. Bates agreed to construct a building for victims in Garden City, Kansas. The victims paid Mr. Bates more than $224,000 via check. Mr. Bates constructed no portion of the promised building. To execute this scheme, Mr. Bates sent an email to the victims with the construction contract that contained the false promises and representations upon which the victims relied to issue their check to Mr. Bates. Mr. Bates's email communication to the victims was transmitted by means of a wire communication in interstate commerce.

- In April 2023, Mr. Bates agreed to construct a pole barn on a concrete pad for a victim school in Vandalia, Missouri. The victim school paid Mr. Bates almost $75,000 via check. Mr. Bates constructed no portion of the promised pole barn.

- In May 2023, Mr. Bates agreed to build a home for victims in Tonganoxie, Kansas. The victims paid Mr. Bates almost $150,000 via wire transfer to his account at First Interstate Bank in Nebraska. Mr. Bates constructed no portion of the promised home.

- In June 2023, Mr. Bates agreed to install a tile floor for victims in Hastings, Nebraska. The victims paid Mr. Bates $2,500 via check, which was deposited into his account at First Interstate Bank in Nebraska. Mr. Bates began this project but the minimal portion completed was so poor that it had to be removed before someone else could install the flooring.

- In June 2023, Mr. Bates agreed to build a prefabricated "barndominium" for victims in New Market, Alabama. The victims paid Mr. Bates more than $21,000 via wire transfer to his account at First Interstate Bank in Nebraska. Mr. Bates constructed no portion of the promised prefabricated "barndominium."

- In July 2023, Mr. Bates agreed to construct a "barndominium" for victims in Smiths Station, Alabama. The victims paid Mr. Bates $10,000 via wire transfer to his account at First Interstate Bank in Nebraska. Mr. Bates constructed no portion of the promised "barndominium."

- In July 2023, Mr. Bates agreed to construct part of a scale house in Rockford, Illinois. The victim company paid Mr. Bates $5,900 via wire transfer to his account at First Interstate Bank in Nebraska. Mr. Bates constructed no portion of the scale house.

- In August 2023, Mr. Bates agreed to pour concrete and construct a particular building for a victim in Dante, South Dakota. The victim paid Mr. Bates $50,000 via wire transfer to his account at First Interstate Bank in Nebraska. Mr. Bates constructed no portion of the promised building.

The loss caused by Mr. Bates to the more than ten victims of his scheme exceeded $700,000.

3. **Application of the Sentencing Guidelines.** The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to dismiss the remaining count of the Indictment at the time of sentencing;

4

(b)   to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

(c)   to recommend a sentence at the low end of the applicable Guideline range, and to allow the defendant to reserve the right to request a downward departure and/or a variance; and

(d)   to recommend the defendant receive a two-level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or

any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Forfeiture of Assets.** The defendant knowingly and voluntarily agrees and consents to the following.

The defendant agrees to the imposition of a forfeiture judgment against him in the amount of $736,991.81, which sum represents proceeds the defendant obtained from the scheme to defraud and Count 1. The defendant knowingly and voluntarily waives his right to a trial regarding forfeiture, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment. The defendant acknowledges and agrees that the imposition of a forfeiture judgment shall not be deemed an alteration of the defendant's sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Final Order of Forfeiture.

8. **Restitution.** The defendant knowingly and voluntarily agrees and consents to pay restitution pursuant to 18 U.S.C. § 3663(a)(3) for all losses caused by defendant's relevant conduct in this case, not just losses resulting from the counts of conviction, in *at least* the following amounts.

| Victim | Total Loss | Agreed Restitution |
|---|---|---|
| W.A. of Bowling Green, Missouri | $47,844.06 | $11,368.94 |
| S.A. of Bowling Green, Missouri | $62,963.98 | $62,963.98 |
| K.M. of Unionville, Iowa | $40,000 | $40,000 |
| Van-Far R1 School District of Vandalia, Missouri | $74,942.45 | $74,942.45 |
| R.W. & R.W. of Garden City, Kansas | $ 224,201.92 | $224,201.92 |
| D.S. & M.S. of Tonganoxie, Kansas | $149,716.88 | $149,716.88 |
| S.M. & J.M. of Hastings, Nebraska | $2,500 | $2,500 |
| D.H. & D.H. of New Market, Alabama | $21,422.52 | $21,422.52 |
| B.S. of Phenix City, Alabama | $10,000 | $10,000 |
| Sjostrom & Sons, Inc. of Rockford, Illinois | $5,900 | $5,900 |
| D.K. of Dante, South Dakota | $50,000 | $50,000 |
| Warck Properties LLC of Addison, Texas | $50,000 | $50,000 |

(a)     The victim(s) and amount(s) shown in the above table reflect all currently identified victims and known loss amounts. In the event additional victims and/or losses are discovered after execution of this Plea Agreement but before sentencing, defendant agrees to pay restitution to the additional victims and/or in the additional amounts for all losses caused by defendant's relevant conduct in this case, and not only for the offense(s) of conviction, pursuant to 18 U.S.C. § 3663(a)(3) and/or 18 U.S.C. § 3663A(a)(3).

(b)     Irrespective of any payments by other defendants that are ordered to be jointly and severally liable for restitution, defendant understands he is liable for the full amount of restitution ordered until defendant has paid that amount in full or the victim's loss is repaid in full, whichever occurs first.

(c)     Defendant acknowledges that the liability to pay restitution does not terminate until 20 years from entry of judgment or 20 years after defendant's release from imprisonment, whichever is later pursuant to 18 U.S.C. § 3613(b).

(d)     Any payments made by Defendant in state court(s) as part of restitution orders or civil judgments from this fraud scheme will be credited to the restitution amount ordered in this case.

9.     **Identification of Assets and Agreement Concerning Monetary Penalties.** In order to facilitate the collection of criminal monetary penalties, including restitution, fines, and assessments, to be imposed in connection with this case, defendant agrees as follows:

(a)     Payments toward anticipated criminal monetary penalties made prior to sentencing will be held by the Court Clerk and then applied to the criminal monetary penalties following entry of the Judgment in a Criminal Case. If the amount paid prior to sentencing exceeds the amount ordered at sentencing, the United States Attorney's Office will request language to be included in the

7

        Judgment in a Criminal case to authorize the Court Clerk to refund any overpayment to defendant. Payments made prior to sentencing can be sent to the following address and should reference defendant's name and case number:

        Clerk, U.S. District Court
        401 N. Market, Room 204
        Wichita, Kansas 67202

(b)    Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control of more than $2,000 in value, without written approval from the United States Attorney's Office.

(c)    Within 30 days of any request by the United States Attorney's Office, defendant agrees to execute a financial statement and provide supporting documentation. Defendant expressly authorizes the United States to obtain a credit report before sentencing. Further, defendant agrees to execute authorizations for the release of all financial information requested by the United States.

(d)    Defendant agrees the United States Attorney's Office may, pursuant to F.R.Civ.P. Rule 45, subpoena any records it deems relevant to conduct a full financial investigation of defendant's assets prior to sentencing.

(e)    Defendant authorizes the United States to file a Notice of Lis Pendens prior to judgment on any real property in which defendant holds an ownership interest.

(f)    Defendant agrees that all information defendant provides to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office. Likewise, all information defendant provides to the United States Attorney's Office or independently obtained by the United States Attorney's Office in the course of its financial investigation of defendant may be provided to the United States Probation Office.

(g)    All monetary penalties (including any fine, restitution, assessment, or forfeiture judgment) imposed by the Court, will be due and payable immediately and subject to immediate enforcement by the United States. Any payment schedule set by the Court is a minimum schedule of payment and not a limitation on the United States to enforce the judgment.

(h)    Defendant waives any requirement for demand of payment on any criminal monetary penalties or forfeiture judgment entered by this Court.

(i)    Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default.

    (j)    If defendant posted funds as security for defendant's appearance in this case, the defendant authorizes the Court to release the funds posted the Court Clerk to be applied to the criminal monetary impositions at the time of sentencing.

    (k)    Defendant understands he has an obligation to notify the court and the United States Attorney's Office of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution pursuant to 18 U.S.C. § 3664(k).

    (l)    Defendant understands that failure to comply with the provisions of this section may constitute a breach of this plea agreement, as outlined in Paragraph 5, above.

10.    **Withdrawal of Plea Not Permitted.**  The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

11.    **Payment of Special Assessment.**  The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

12.    **Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including assessments and restitution, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner

9

in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable.  However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

13.     **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

14.     **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty.  The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right

to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

15. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

16. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_/s/ Scott C. Rask_  
Scott C. Rask  
Assistant United States Attorney  
500 State Avenue, Suite 360  
Kansas City, Kansas 66101  
(913) 551-6730  
(913) 551-6541 (fax)  
Scott.Rask@usdoj.gov  
Kan. S. Ct. No. 15643

Date: October 6, 2025

*s/ D. Christopher Oakley*  
D. Christopher Oakley  
Assistant United States Attorney  
Supervisor  
500 State Avenue, Suite 360  
Kansas City, Kansas 66101  
(913) 551-6730  
(913) 551-6541 (fax)  
Chris.Oakley@usdoj.gov  
Kan. S. Ct. No. 19248  

Date: 10.7/2025

[signature]  
Bobby Bates Sr.  
Defendant  

Date: 10/21/25

[signature]  
Tim Burdick  
Federal Public Defender  
500 State Avenue, Suite 201  
Kansas City, Kansas 66101  
(913) 551-6562  
Tim_Burdick@fd.org  
Counsel for defendant  

Date: 10/21/25

12